BERNARD LEVINE, PLAINTIFF-APPELLANT, v. WISS & CO. AND HERBERT RUDNICK, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued June 14, 1983—Decided July 1, 1983.

Before Judges MICHELS, PRESSLER and TRAUTWEIN.

*Robert S. Field* argued the cause for appellant (*Fish, Field & Greenspoon,* attorneys; *Robert S. Field,* of counsel and on the brief).

*Todd M. Sahner* argued the cause for respondents (*Hannoch, Weisman, Stern, Besser, Berkowitz & Kinney,* attorneys; *Todd M. Sahner,* of counsel and on the brief).

The opinion of the court was delivered by

MICHELS, P.J.A.D.

Plaintiff Bernard Levine appeals from an order of the Law Division that dismissed his negligence action in favor of defendant Wiss & Co. ("Wiss"), an accounting firm, and one of its partners, defendant Herbert Rudnick. This action flows from a matrimonial action between Levine and his former wife, Grace Levine. Before the trial of that action, Mrs. Levine moved for the appointment of an impartial expert to evaluate Levine's interest in Unified Components Corporation/Unicorp ("Unicorp"), which interest was an asset subject to equitable distribution. However, the parties settled the matters raised by the motion and the trial court thereupon entered a consent order, which was signed by both parties' lawyers. The order provided in part:

3. That the parties direct their respective attorney to engage an impartial accountant, acceptable to both, to examine the books and records of defendant Unicorp, and value said corporation.

4. That the impartial expert so selected shall make a report of his findings which shall be binding and conclusive on both parties.

Defendant Wiss was appointed by the parties to evaluate Unicorp. Wiss's report was prepared and was submitted to the court. Before trial, the parties entered into a settlement agreement on the issues of equitable distribution, alimony and child support. The trial judge denied the parties' joint motion to vacate the settlement, and we affirmed the order in an unreported opinion. *Levine v. Levine,* A–4091–78. Levine then brought the present action, claiming that defendants had been negligent in preparing their report. He sought compensatory damages and costs. On defendants' motion, the trial judge dismissed plaintiff's complaint for failure to state a claim upon which relief can be granted. The trial judge held that an accountant appointed pursuant to court order enjoys a "limited immunity" from suit and will be liable only if he acts in bad faith. He explained that "a person appointed by the court under court order ... has to be permitted to exercise a free and independent judgment without fear of being subject to a lawsuit

so that he can report faithfully and honestly to the court." We disagree and reverse.

As an initial matter, we find no particular significance in the fact that defendants were appointed by the parties pursuant to court order. The fact remains that defendants were selected by the parties to a lawsuit to perform a valuation that the parties agreed would be binding. The trial judge's entry of a consent order embodying the parties' settlement did not alter the private and consensual nature of that settlement and did not endow defendants with a judicial immunity that would have been absent without the consent order. Rather, defendants' role was indistinguishable from that of the experts often retained by the parties to a private contract to fix a term upon which they cannot agree or have not the expertise to determine. It is in this role that we evaluate defendants' exposure to suit.

Defendants contend that when they evaluated Unicorp they "occupied a quasi-judicial role," much like that of an arbitrator. As defendants point out, an arbitrator generally is accorded immunity from suit for his negligence in arriving at an award. *See* 5 *Am.Jur.2d, Arbitration and Award,* § 107 at 601. However, it is well settled that an expert retained to perform a valuation by the parties to a dispute is not an arbitrator. *See Elberon Bathing Co. v. Ambassador Ins. Co.,* 77 *N.J.* 1, 16–17 (1978); 6A *Corbin, Contracts* (1962 & Supp.1982), § 1442 at 426–431; 5 *Am.Jur.2d, supra,* § 3 at 520–521. The valuer, unlike the arbitrator, merely makes a finding of fact by which the parties have agreed to be bound. He does not resolve conflicting evidence or determine the parties' legal rights and obligations. Therefore, he does not exercise the same degree of discretionary judgment that an arbitrator does.

Concededly, the courts of England have extended to valuers the immunity usually reserved to arbitrators. *See Finnegan v. Allen,* [1943] 1 *K.B.* 425, and cases cited therein. In that case, Lord Greene explained, "I cannot see the difference between fixing a price on which the parties are unable to agree and

determining some issue which has arisen or may arise between them." *Id.* at 432.

However, a narrower view has been taken in the United States courts. *See Gammel v. Ernst & Ernst,* 245 *Minn.* 249, 72 *N.W.*2d 364 (1955), where it was held that an accountant hired to audit a corporation by the parties to a planned merger was not a quasi-arbitrator entitled to immunity from suit for his negligence. *See also* Annot., "Accountant's Malpractice Liability to Client," 92 *A.L.R.*3d 396, 409 (1979). The *Gammel* case expressly distinguished the English cases and held that "where the agreement does not call for the exercise of judicial authority, ordinarily the person selected to perform skilled or professional services is not immune from charges of negligence. . . ." 72 *N.W.*2d at 368.

■ An accountant in defendants' position does not exercise judicial authority. His duty is to apply established accounting principles to the financial facts as he finds them. *See H. Rosenblum, Inc. v. Adler,* 93 *N.J.* 324, 342 (1983). Although it is essential that he act independently and report the facts fairly, *see id.,* at 348 he does not arbitrate or adjudicate in performing a valuation. In the circumstances, there is no reason that he should not be held to the same level of accountability that he must bear in every other type of professional employment. We observe, as our Supreme Court did in *H. Rosenblum, Inc. v. Adler, supra,* that the imposition of liability "may cause accounting firms to engage in more thorough reviews." *Id.* at 350. On this issue, the following language from *E.C. Ernst, Inc. v. Manhattan Constr. Co. of Texas,* 551 *F.*2d 1026, 1033 (5th Cir. 1977), *cert.* den. 434 *U.S.* 1067, 98 *S.Ct.* 1246, 55 *L.Ed.*2d 769 (1978), is particularly appropriate:

The arbitrator's "quasi-judicial" immunity arises from his resemblance to a judge. The scope of his immunity should be no broader than this resemblance. The arbitrator serves as a private vehicle for the ordering of economic relationships. He is a creature of contract, paid by the parties to perform a duty, and his decision binds the parties because they make a specific, private decision to be bound. His decision is not socially momentous except to those who pay him to decide. The judge, however, is an official governmental instrumentality for

resolving societal disputes. The parties submit their disputes to him through the structure of the judicial system, at mostly public expense. His decisions may be glossed with public policy considerations and fraught with the consequences of stare decisis. When in discharging his function the arbitrator resembles a judge, we protect the integrity of his decision-making by guarding against his fear of being mulcted in damages. *Cf. Broom v. Douglass,* 175 *Ala.* 268, 57 *So.* 860 (1912). But he should be immune from liability only to the extent that his action is functionally judge-like. Otherwise we become mesmerized by words.

The order of dismissal under review is reversed and the case is remanded to the Law Division for further proceedings. We do not retain jurisdiction.